IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TOM EDWARD HENDERSON                                     PLAINTIFF

v.                      Civil No. 12-2121

CIRCUIT JUDGE STEPHEN TABOR;
RAY SPRUELL, Chief Public Defender;
and POLICE OFFICER ERIC WILLIAMS                   DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 1, 2012, the Plaintiff, Tom Edward Henderson, currently incarcerated at the Sebastian County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

According to the allegations of the complaint (Doc. 1), Plaintiff was arrested on January 19, 2012, by Officer Eric Williams of the Fort Smith Police Department. At the time of the arrest, Plaintiff states Officer Williams took possession of a Seiko watch. Plaintiff asserts that the watch has not been seen or mentioned since then.

On March 11, 2012, Plaintiff attempted to bond out of jail. He indicates his bond was set at $100,000. When Affordable Bail Bonds attempted to bond him out of jail, Plaintiff states

-1-

they were told there was a mistake in paperwork. On March 12th, Judge Tabor "changed" the bond to $100,000 cash.

Public defender Ray Spruell represented the Plaintiff. At trial, Plaintiff states Attorney Spruell failed to introduce key pieces of evidence that Plaintiff believes were crucial to his defense.

As relief, Plaintiff asks that his watch be replaced and that he be granted a new trial. Additionally, he seeks compensatory and punitive damages.

## 2. Discussion

Plaintiff's claims are subject to dismissal. First, Judge Tabor is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, the claims against Ray Spruell are subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's

traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Third, Plaintiff's claim regarding his missing watch is subject to dismissal. Neither the intentional nor the negligent deprivation of property violates the Constitution if there are adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Fourth, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

Fifth, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due

> process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Plaintiff has also sought a writ of mandamus against the Circuit Court of Sebastian County (Doc. 5). He asks this Court to compel the Sebastian County Circuit Court to set aside the judgment against him, order a change of venue in his criminal case, and appoint new and effective counsel to represent him.

Pursuant to 28 U.S.C. § 1361 a district court has the authority to issue a writ of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, only the United States Supreme Court, has the jurisdiction to review of state court judgments. *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011)(applying the *Rooker-Feldeman* doctrine); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed on the grounds the claims are frivolous, fail to state claims, or seek relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). Dismissal will count as a strike under § 1915(g). The Clerk should be instructed to place a § 1915(g) strike on this case.

I further recommend that the motion for writ of mandamus (Doc. 5) be denied.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2012.

/s/ *J. Marschewski*
    HON. JAMES R. MARSCHEWSKI
    CHIEF UNITED STATES MAGISTRATE JUDGE